All right, our final case for today is United States v. Robinson. Mr. Brandt Good morning, your honors, I'm sorry, good afternoon. Well into the afternoon, Mr. Brandt. I reminded myself that I wasn't gonna say good morning. May it please the court, Jeff Brandt for Mr. Robinson. We're appealing the district court's calculation of the guidelines, asserting that the district court erred in calculating the guidelines and despite applying a downward variance, nevertheless has created a substantive and substantial procedural error. The government responds first that the argument has been waived. We submit this is incorrect for two reasons. Number one, the argument is not a challenge to the guilty plea. We think the court's case law is clear that the conspiracy guilty plea is valid. The only question is, what was the drug quantity? We're not, we didn't, there was no waiver of anything that happened at the guilty plea hearing and therefore we haven't waived anything. Second, this was not. You know, all of Robinson's oral objections to drug quantity appear to have been about the amount that Robinson himself delivered, but he still pled guilty to a conspiracy involving at least 500 grams of meth. Just, Judge Rovner, it is true that when asked by the district court judge at the beginning of the plea hearing or near the beginning of the plea hearing, he answered yes to the judge's words, do you plead guilty to a conspiracy involving that amount. When the topic shifted to factual basis and what Mr. Robinson was admitting to, the story was very different. On three separate occasions, he specifically denies, not just saying here's how much I delivered, he specifically denies a statement by either the district court judge or the government when giving its summary of the factual basis and then when giving a summary of what the co-defendants say. But he's talking, but we're talking ships passing in the night. He's very insistent about how much he personally delivered on those two occasions and he hasn't given his explanation for the third occasion. But this is a conspiracy and he pleads guilty to a conspiracy involving more than 500 grams and that's easily enough to put him into 841B1A, capital A. So his guilty plea itself puts him in the sentencing reign. I mean, I gather your whole point for this is because if there's not enough in the record, then we would under, you know, Booker and Alain and all the rest of it, we would have to go to the lower sentencing ranges. But he pleads to conduct that his conspiracy as a whole is 500 grams or more. I'd say two responses to that, Chief Judge. Number one, at worst, this is a conflict of admissions. Again, yes, when the judge uses the words 500 grams or more of methamphetamine, his answer is yes. But it's conspiracy. He doesn't have to, he can draw the line between what he personally delivered and what a co-conspirator delivered. So he could have been telling what he understood to be absolute truth when he talks about how much he personally was dealing with and yet it could still be a conspiracy for the larger amount. If he had not also on the record specifically denied the 500 grams or more, I would completely agree, Your Honor. But at least twice in response to the question, you know, are you agreeing with what was just said and what just was said was 500 grams or 1.5, he says, I heard, but that's not what happened. That's not what I did. But he's still talking about what he did as I read that passage. So then number two, Your Honor, where is it on the record where he's saying that I'm, I reasonably foresee that my co-conspirators have been involved with a conspiracy? Other than the guilty plea? That is it. I see your point, Your Honor. But I think, and I'll admit that with all the arguments before the court, it comes down to this. And the question is, what does it take to be an Alene sufficient? Let's remove something that's going to change what your 841B1 category is. How important is that? What kind of admission is necessary? I have found nothing that equates it to a factual basis and what it takes to admit and eliminate the offense other than to say, you know, what you say has to get to that threshold of what it takes to be guilty of a conspiracy. And at no point in this plea hearing is anybody saying, what's reasonably foreseeable to you? What is the drug amount that is reasonably foreseeable? Other than the question at the beginning saying, are you guilty of an offense that's 500 grams or more involving methamphetamine? Answer, yes, followed by repeated denial, denial, denial. And that's our argument, that that's insufficient to support an Alene sufficient waiver of the crime. And that's why we have that issue go to the jury. We don't think it's waived. We think it's definitely not harmless. It's definitely prejudicial because the district court began with the wrong guidelines range. And it is not, the remedy appropriate would not be to vacate a completely valid guilty plea. All right. Thank you. You can save the rest if you want a little rebuttal time. Ms. Fisher? May it please the court, my name is Rachna Fisher, and I'm here on behalf of the United States. First to respond, at the change of plea hearing, Mr. Robinson stated that he was the leader of the conspiracy. And that is sufficient under this court's precedent to make the entire conspiracy amount reasonably foreseeable to him. It was the Robinson Drug Trafficking Organization, he admitted at his change of plea hearing and at his sentencing that he was the leader of the conspiracy. And as we discuss this case, it's important to remember that the facts are undisputed. At his sentencing hearing, Mr. Robinson admitted that the facts in the PSR were true and accurate. And those facts included that he delivered methamphetamine to Joshua Jacobs, his co-conspirator, 10 to 12 times in the month preceding his arrest, that the conspiracy involved more than 1.5 kilograms of methamphetamine, and that Mr. Robinson was the leader of the conspiracy. Are we done, though, as soon as he's admitted that it's 500 grams or more? I mean, if we're talking about the range, whether it was something, you know, with a lifetime cap. Yes, Your Honor. So his admission that his change of plea hearing are sufficient here. And the fact that he has corroborated that at his sentencing hearing and is not disputing any of the factual findings of the district court on appeal conclusively answers that question. So we're not dealing with a situation where there are disputed facts. And so whether the court considers this case under the doctrines of waiver or forfeiture, it should reach the same result. The district court correctly sentenced Mr. Robinson for the crime that he admitted he committed. And so unless the court has any additional questions, the United States asks the court to affirm and will submit on its brief. Thank you. All right. Thank you. Anything further, Mr. Brandt? Not too much there to rebut. Right. I have leadership to rebut, and I would like to attempt to do that. Judge Robner, you were on the Allen case, and in the Allen case, the court wrote a lawyer's statement at sentencing that a defendant does not object to anything in the pre-sentence report, does not inevitably constitute waiver, signing, high mace, high mace is my best guess. It's J.I. J-A-I-M-E-S hyphen, the same word. Although counsel's representations are obviously significant, a lawyer's statement at sentencing that a defendant does not object to anything at the pre-sentence report does not inevitably constitute a waiver. It is not true that Mr. Robinson gave up on leadership. He objected to the leadership enhancement, and the district court granted it. For the government to hang its hat on leadership as somehow being why he's responsible for the entire amount falls apart since the district court judge found that he did not deserve the leadership enhancement, objected to leadership. That's all. All right. Well, thank you very much. Thanks to all counsel. We will take the case under advisement, and the court will be in recess.